# Lessee of George Hunter *against* Isaac Meason, esquire, and Christopher Wells.

Ejectment may lie for an island, without a survey: so where the adversary forcibly prevents the survey.

The owner of a warrant or application is bound to shew the lands to the surveyor, and furnish provisions and chain carriers; and if he refuses to survey, application should early be made to the Board of Property. So if a survey is made with which the party is dissatisfied. If the survey is fairly made without the application of the owner, the surveyor acts as his agent, and his acts are binding on him.

EJECTMENT for 400 acres in Bull-Skin township.

The plaintiff claimed under a warrant to Jacob Frelick, dated 30th July 1784, for 400 acres, lying on both sides of the Turkey Foot road, leading to Fort Pitt, about five miles from Hatfield's mill, on the waters of the Yohiogeney, including both sides of Maple Run, and the place called the Mill Seat, and likewise a large spring, a cabin, and cleared land. Interest to commence from 1st March 1780. In consideration of 5s. Frelick conveyed to Hunter on the 18th May 1796.

The description in the warrant did not correspond with the lands in controversy. There was a cabin called Lindsay's, between 100 and 150 yards from the Turkey Foot road, and between 3 and 4 miles from Hatfield's mill. Near it was a good spring, some few trees deadened, but no land cleared. A branch of Poplar run, formerly called Maple run, came within half a mile of this small cabin, but there was no mill seat within several miles of it.

A letter from the deputy surveyor to the lessor of the plaintiff, dated 22d November 1792, was shewn in evidence, acknowledging the receipt of the warrant, which would be attended to, as soon as possible; also another letter dated 17th January 1793, wherein the surveyor says, "he has been at a loss for the desig- "nation of the warrant, but thinks he has at last discovered the "spot. He will execute the warrant as soon as he can, but "does not know Maple run."

No survey was shewn in evidence, but a receipt dated 1st September 1795 from the deputy surveyor for 15 dollars for surveying fees, expences of hands, &c. was produced. A survey had been made of other lands, but it was not shewn in evidence.

The defendants produced no title, resting on the insufficiency of the plaintiff's claim.

BY THE COURT. The plaintiff is clearly barred from recovery by the express terms of the limitation act of 26th March 1785, § 5. *2 St. Laws, 282. It must not however, be understood, that in every possible case, a survey must be pro- [*108 duced by the plaintiff in ejectment. An island described with

precision in a warrant, does not seem to be within the mischiefs intended to be prevented by the limitation act.   So the adversary preventing a survey by force, may hinder in this instance the operation of the prohibitory words of the law.   But it must appear in general, that the party has done all in his power to effectuate a survey ; and failing herein, his negligence shall bar him.   Upon the most precise and descriptive warrant or application, it is the duty of the owner, to shew the lands intended thereby, to the surveyor, and to furnish provisions and chain carriers, or pay the expences thereof.   If a survey is made, with which he is dissatisfied, he should without delay, complain to the Surveyor General or Board of Property, and pray for redress, otherwise the survey will conclude him.   But it is certainly true, that the deputy surveyor may execute such warrant or application in his hands, without the personal attendance of the owner, or any one in his behalf.   Should he do so, the owner becomes subjected to his acts, as he thereby discharges the office of an agent for his principal, unless there is some fraud in the case.

If the surveyor shall refuse to execute the survey on the lands being shewn to him, and an offer to pay the expences attendant thereon, a complaint should be made in a reasonable time to the Board of Property, who will direct a special order to issue ; and the deputy surveyor will be subjected to a removal from office.   These principles are founded on good sense, public convenience, and a regard to the common safety, and are the common law of the country.   Judging by these rules, the plaintiff in every point of view, is precluded from recovering the premises in question.

The plaintiff's counsel suffered a nonsuit.

Messrs. Young and Haddon, *pro quer.*
Messrs. J. Ross and Meason, *pro def.*

Cited in 5 S. & R. 187 to show that if the owner of a warrant is dissatisfied with the survey, he should without delay complain to the surveyor-general or board of property, and pray for redress, otherwise the survey will conclude him.   Cited for the same purpose in 4 W. & S. 80.
Cited in 43 Pa. 204 to show that it is the duty of the owner of a warrant to point out to the surveyor land to be taken up.